PAIGE *et al. v.* MAYOR, ETC., OF THE CITY OF NEW YORK *et al.*

(*Supreme Court, General Term, First Department.*    October, 24, 1890.)

ASSIGNMENT—EVIDENCE.

In an action to foreclose a mechanic's lien for labor and services furnished the contractor, certain of the defendants claimed the balance due such contractor after payment of plaintiffs' claim by reason of an alleged assignment of the fund to them. No written assignment was proved, and the only evidence was that of the contractor to the effect that he had made an "assignment of all moneys due or to become due" to such defendants. *Held,* that there was nothing from which the court could have found an assignment, and that the claim was properly rejected as against that of an attaching creditor.

Appeal from special term.

An action by David R. Paige and others against the mayor, aldermen, etc., of New York city, John A. Lee, Abraham S. Jackson, John J. O'Brien, and Heman Clark, brought to foreclose a mechanic's lien for labor and services furnished by plaintiffs to defendant Lee, who had a contract with the city to build a shaft on the Croton aqueduct. Defendants Clark and O'Brien appeal from so much of the judgment as established a lien in favor of defendant Jackson upon the moneys due said Lee from the city after payment of plaintiffs' claim in full.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*E. T. Lovatt*, for appellants. *Jay & Candler*, for respondent Jackson.

DANIELS, J. The controversy in this action affected the disposition to be made of the contract price of the construction of shaft 15½ on section 7 of the new Croton aqueduct. The work was let to John A. Lee, and the city had no other interest in the litigation than to pay the money to the parties entitled to receive it. The plaintiffs took the necessary proceedings to obtain a lien on the fund, for labor and materials performed and supplied by them, under a contract with Mr. Lee. They were adjudged to have maintained their right to receive so much of the fund as was necessary to satisfy their demand; and the correctness of that determination has not been brought in question by this appeal. But the balance of the fund afterwards remaining was held to be payable to the defendant Abraham S. Jackson, who was an attaching creditor of the contractor, John A. Lee, and whose attachment had been served upon this demand. His proceedings in that action appear to have been regularly prosecuted for the seizure of the indebtedness by the attachment; but the appellants Heman Clark and John O'Brien asserted a paramount title to the fund by reason of an alleged assignment of it to them before the service of the attachment. The answer of neither of these contesting defendants was served upon the other, in compliance with section 521 of the Code of Civil Procedure, nor was any objection made to the regularity of the action for want of that service. But the attaching creditors were permitted to prevail because of the deficient and unsatisfactory nature of the evidence given to prove the assignment. No written assignment was proved or produced, nor was any act shown from which a delivery of the contract or claim could be held to have been made; but all the evidence given to prove the assignment was obtained from Mr. Lee himself, who was a witness on the trial. And all that he stated on that subject was: "I made an assignment of all moneys due and to become due to O'Brien and Clark in March, 1887,—fore part of March, 1887." And that was wholly insufficient to prove that he had made a transfer of the money, or that he had done anything which could be held to have vested these defendants with any title to the money. A written instrument, or the delivery of the contract, or some evidence of the claim, was essential to that end; but neither this witness nor these defendants produced such an assignment, or even testified that it had at any time been made, or that any act had taken place, to which the law could attribute the fact of an assignment. Their demand, resting upon this loose and unsatisfactory testimony, was rightly rejected by the court; and the judgment should be affirmed. All concur.